[No. 5815. Decided January 20, 1906.]

GEORGE F. BRILL, JUNIOR, *Respondent,* v. EUGENE HAYFORD, *Appellant.*[1]

APPEAL—REVIEW—FINDINGS—CONFLICTING EVIDENCE. Findings of the trial court upon conflicting evidence in an equitable action will not be disturbed on appeal where the supreme court is unable to say that the evidence does not preponderate in favor of the respondent.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered June 2, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for specific performance. Affirmed.

*James Dawson,* for appellant.

*T. D. Rockwell,* for respondent.

1Reported in 83 Pac. 1119.

PER CURIAM.—The appellant entered into a written agreement with the respondent in which he acknowledged receipt of the sum of $5, as part payment of the purchase price of two certain lots, situated in the city of Spokane, and agreed to convey the lots by warranty deed to such person as the respondent should direct, on the payment of the further sum of $245, if paid within six months from the date of the execution of the agreement. Before the expiration of the time fixed in the agreement, the respondent tendered the balance remaining due on the contract, and demanded a deed of the property to himself. The appellant refused to execute the deed and this action was brought to compel him to do so. Judgment went for the respondent and this appeal is taken therefrom.

The appellant defended the action on the ground of fraud and misrepresentation. He contended that the respondent had been, for some time prior to the execution of the agreement, his agent for the sale of the property, and had, as such agent, acquired information concerning the property and its surroundings which he purposely and fraudulently concealed from the appellant; and that the appellant by reason of such fraudulent concealment was induced to enter into a contract for the sale of the property at less than its actual value, and a contract he would not have entered into had the respondent dealt fairly with him. The case was tried out on this issue, and much testimony introduced on each side. The evidence of the parties is squarely in conflict, and we are unable to say, after its careful perusal, that it does not preponderate in favor of the respondent.

The judgment is affirmed.